[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married in Ithaca, New York, on January 1, 1982.
This is a second marriage for both of the parties. One child was born to the wife, issue of the marriage, to wit: Trinity Dawn Watson, born October 22, 1983.
The plaintiff and the defendant have both resided in the State of Connecticut continuously for at least one year up to the date of the filing of the complaint.
The major cause of the breakdown was the drinking of the husband. The husband candidly admits that he is an alcoholic.
The wife has approximately a year and one-half to two years of college credits. She would like the opportunity to complete her education so that she could get a degree for social work. She estimates that this will take three to five years taking evening courses.
Presently she works as a cafeteria aid during the academic year.
Both of the parties appear to be in fairly good health, although the husband and wife both suffer from hypertension.
The husband has been employed at IBM for about 21 years and has a gross income of approximately $50,000.00 per year. He also has a lucrative stock plan and a tax deferred pension plan.
Prior to his marriage he owned his own home which had $25,000 equity and which equity was used to purchase the marital home in Hamden, Connecticut.
The husband also put $8000 from the sale of a pre-owned boat into joint savings and checking accounts.
The marriage has broken down irretrievably, a decree of dissolution may enter.
Further, taking under consideration the mandates of Conn. Gen. Stat. 46b-81, 46b-82 and 46b-84, the court orders: CT Page 7425
1. The custody of the minor child shall vest with the mother.
The father shall have rights of reasonable visitation.
2. The wife shall have exclusive possession of the marital home and within 6 months both parties shall place the home on the market for sale. The net proceeds shall be divided as follows:
 (a) Twenty-Five Thousand Dollars ($25,000) to the husband; (b) The balance of the net proceeds, 60% to the wife, 40% to the husband.
3. As periodic alimony, the husband shall pay to the wife the sum of One Hundred Fifty Dollars (150) per week, which alimony shall terminate upon the happening of the first of the following events:
 (a) Five (5) years from the date of this decree; (b) Death of either party; (c) Remarriage by the wife; (d) Cohabitation by the wife.
In no event shall alimony be modifiable as to term.
4. The husband shall pay to the wife, for the support of the minor child, the sum of $190 per week.
5. Alimony and support payments shall be subject to an immediate wage garnishment.
6. The husband shall maintain medical insurance, as available through his employment, for the benefit of his minor daughter. All unreimbursed medical and dental expenses shall be totally paid by the husband. The orders are subject to Conn. Gen. Stat. 46b-84 (c).
7. The husband shall further maintain, at his own expense, medical insurance for the wife as available through COBRA.
8. The husband shall be granted full and exclusive ownership of the van and the wife shall be granted full and exclusive ownership of the Ford. The husband shall pay the loan due on the van and shall hold the wife harmless and indemnify her from any and all claims as a result of non payment. CT Page 7426
9. The wife shall pay all household expenses during her occupancy of the marital home, including the mortgage, insurance and taxes and shall hold the husband harmless and indemnify him.
10. The wife shall retain ownership of her stock in IBM and the husband shall transfer to her 100 shares of his stock in IBM.
11. Husband shall, within 60 days, pay $1500 to Attorney Levy for his wife's attorney's fees.
12. The husband shall maintain life insurance in the minimum amount of $75,000 naming the minor child as beneficiary, for as long as he is obligated to support said child.
SOCRATES H. MIHALAKOS, JUDGE.